## CIRCUIT COURT OF FAIRFAX COUNTY

Prosperity Heights
Homeowners Ass'n

v.

George et al.

August 1, 1995

Case No. (Law) 139608

BY JUDGE RICHARD J. JAMBORSKY

After careful consideration, I find for Plaintiff Prosperity Heights Homeowners Association in the amount of $348.16 and $18.00 in costs and interest from the date of judgment.

This case comes before the Court on Defendants' appeal from the General District Court's decision in favor of Plaintiffs on February 23, 1995. On June 22, 1995, a trial de novo without a jury was held before this Court.

Prosperity Heights Subdivision is a community of single family detached homes. Since the Association was formed, or at least since 1982, the Association has budgeted for and each year contracted for trash services. This practice went unchallenged. Plaintiff argues Article IV, Section 2, of the Declaration of Covenants, Conditions and Restrictions permits the Association to contract for trash collection services and assess the charges as common expenses. Article IV, Section 2, provides:

> The assessments levied by the Association shall be used exclusively to promote the recreation, health, safety, and welfare of the residents in the Properties and for the improvement and maintenance of the Common Area.

Thus, the association may levy assessments in two instances: (1) to promote the recreation, health, safety, and welfare of the residents in the Properties and (2) to improve and maintain the Common Area.

Defendants maintain the above provision does not give Plaintiff the authority to assess fees against Defendants for trash collection services and that Defendants may dispose of their own trash. They cite *Bauer v. Harn*, 223 Va. 31, 39 (1982).

"[R]estrictive covenants must be strictly construed against the party seeking enforcement, and . . . substantial doubt or ambiguity is to be resolved against the restrictions in favor of the free use of property." *Bauer v. Harn*, 223 Va. 31, 39 (1982) (citations omitted). "We construe restrictive covenants strictly against those seeking to enforce them, and we resolve substantial doubt or ambiguity in favor of the free use of property." *Foley v. Harris*, 223 Va. 20, 26 (1982) (citations omitted). *See also Bruton v. Wolter*, 216 Va. 311, 313 (1975).

In *Bauer*, the Supreme Court determined that the Board of Directors of Lake of the Woods Association, a nonstock corporation operating a private, residential community, exceeded its authority by permitting people owning no property in the subdivision the ability to purchase the right to use the recreational facilities of the subdivision. The restrictive covenants of the subdivision stated that the recreational facilities were private property, but that an easement was reserved to *invitees* for the use of the recreational facilities. Additionally, the restrictive covenants provided that the Association, the owner of all the property in the subdivision except for the residential lots, could determine the terms of the use of the recreational facilities.

Furthermore, the Court held that the term "invitees" included business invitees and social guests of the Association and its members, but did not include those people who merely purchased the right to use the facilities: "The purchaser of guest privileges is more than just an invitee. He becomes a member of a new class of persons entitled to use Association facilities without becoming a member of the Association." *Bauer* at 38. Thus, the Court determined the Board exceeded its authority under the restrictive covenants when it established a program whereby nonresidents could purchase the right to use the facilities. Lastly, the Court set forth a permissible method for authorizing such a program: "Such a departure from the terms and purposes of the restrictive covenants . . . requires amendment of the restrictions . . . ." *Bauer* at 40.

As stated above, the Association, in the instant case, may levy assessments in two instances: (1) to promote the recreation, health, safety, and welfare of the residents in the Properties and (2) to improve and maintain the Common Area. The Court finds the portion of the provision in the

Declaration of Covenants, Conditions, and Restrictions regarding the authority to levy assessments to promote the recreation, health, safety, and welfare of the residents in the Properties is not sufficiently ambiguous regarding trash collection to undermine Plaintiff's authority to contract for trash collection services and assess the charges as common expenses. The collection of trash has traditionally been an activity necessary for health. It is easy to conceive of the myriad of problems that would arise without a trash collection service. It is clear that a failure to regularly and efficiently dispose of trash would threaten the recreation, health, safety, and welfare of the residents. There was ample testimony that these concerns were real and legitimate. There is nothing in the record indicating Defendants were anything other than responsible when disposing of their trash; however, Plaintiff need not wait until other residents would act less responsibly than Defendants in removing their trash and threaten the health, safety, or welfare of the residents before Plaintiff's authority is established.

Additionally, it is clear that trash collection on individual lots improves and maintains the Common Area. Plaintiff need not wait until trash is dumped in the Common Area before their authority to maintain the Common Area by contracting for trash collection is established. Thus, the Association in the instant case, unlike the Board in *Bauer*, did not take action that was outside the scope of their authority. Hence, the Association is authorized to assess fees for trash collection under the provision addressing the maintenance and improvement of the Common Area.

The issue raised by defendants is certainly not a frivolous one and a judicial resolution reinforcing the authority of the association to collect the assessment serves the interest of the Association. Accordingly, the Court denies attorney's fees.